UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


RONALD LAPUYADE, SR.,

        Plaintiff,

v.                                CASE No. 8:06-CV-1642-T-26TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

        Defendant.
_____


## REPORT AND RECOMMENDATION

        The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, I recommend that the decision be affirmed.

I.

_____

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

The plaintiff, who was fifty-one years old at the time of the administrative hearing and who has a college associate's degree, has worked pertinently as a delivery truck driver (Tr. 297, 299, 302). He filed a claim for Social Security disability benefits, alleging that he became disabled due to "sciatic nerve, hernia" and lower back pain (Tr. 67). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff suffers from irritable bowel syndrome, hiatal hernia, degenerative disc disease of the lumbar spine, sciatica, diabetes mellitus and obesity which, in combination, are severe impairments (Tr. 22). The law judge concluded that these impairments restricted the plaintiff to light work, with only occasional climbing, balancing, stooping, kneeling, crouching and crawling, and with no concentrated exposure to extreme cold, heat, or hazards, such as machinery and heights (Tr. 23). The law judge determined, based upon the testimony of a vocational expert, that the plaintiff could perform jobs that exist in significant numbers in the national economy, such as fast food worker, cashier, and ticket taker (Tr. 29). The law judge noted further that the vocational expert testified that, even if the plaintiff were limited to sedentary

work, he could perform such jobs as telemarketer, information clerk, and security monitor (id.).   Accordingly, the law judge decided that the plaintiff was not disabled (id.).   The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."   42 U.S.C. 423(d)(1)(A).   A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402

U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The law judge found that the plaintiff had a severe combination of impairments, namely, irritable bowel syndrome, hiatal hernia, degenerative

disc disease of the lumbar spine, sciatica, diabetes mellitus and obesity (Tr. 22). The law judge found that, despite these impairments, the plaintiff can perform a range of light work (Tr. 23). This conclusion is supported by, among other things, an opinion from a treating physician, Dr. Jonathan B. Warach, who opined that the plaintiff can perform light work activity (Tr. 172-73), and "encouraged him to find a new light duty job" (Tr. 183). Moreover, as the law judge pointed out, "[t]he file does not reflect that any doctor has found the claimant disabled or unable to engage in work activities" (Tr. 27).

The plaintiff, however, argues that the law judge, in reaching his decision, erred in five respects. None of the plaintiff's contentions warrants reversal.

The plaintiff argues first that the law judge failed to consider the combined effects of all his impairments (Doc. 16, pp. 5-7). This contention is meritless.

At the outset, the Commissioner persuasively argues that the plaintiff on this point makes only a cursory argument without any reference to specific evidence in the record (Doc. 17, p. 4). Significantly, I entered a scheduling order which was designed to preclude such conclusory arguments

(Doc. 13).  Thus, the scheduling order stated that the plaintiff must articulate discrete challenges, and "any such discrete challenges must be supported by citations to the record of the pertinent facts and by citations of the governing legal standards" (id. at p. 2).  The plaintiff was warned that "[a]ny contention for which these requirements are not met is subject to being disregarded for insufficient development" (id.).

The plaintiff's argument that the law judge did not consider the combined effects of the plaintiff's impairments is not supported by citations to the record.  The only reference to the record on this point is to the law judge's finding that the plaintiff has a "severe combination of impairments" (Doc. 16, p. 6), which not only does not support the plaintiff's argument on this issue, but contradicts it.  In light of the plaintiff's failure to provide any factual record support for this contention, it should be deemed abandoned.

In any event, the claim is baseless.  The law judge acknowledged at several points in his decision that he was to consider the combined effects of all impairments (Tr. 21-22).  Moreover, he specifically found that the plaintiff has a severe combination of impairments (Tr. 22).

The plaintiff complains that the law judge "did not make an explicit comparison as to how the Claimant's impairments interact with each

other" (Doc. 16, p. 6).  Exactly what this alleged deficiency consists of is not clear to me.  The plaintiff certainly made no attempt to explain what alleged interactions the law judge failed to compare, much less to demonstrate by citation to the record that such an analysis would affect the law judge's determination of the plaintiff's residual functional capacity.

For these reasons, this argument should be rejected.

The plaintiff argues second that the law judge failed to consider the plaintiff's inability to perform sustained work activities (id. at pp. 7-8).  On this contention, the plaintiff relies upon his own testimony.  The law judge, however, discounted that testimony.  Consequently, unless the plaintiff can demonstrate that the law judge erred in making his credibility determination – which is the plaintiff's third contention – the plaintiff cannot base a challenge to the law judge's finding regarding the plaintiff's residual functional capacity on his own testimony.

It is appropriate to add that, under the substantial evidence standard, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."  Adefemi v. Ashcroft, 386 F.3d 1022, 1027

(11th Cir. 2004) (<u>en banc</u>), <u>cert</u>. <u>denied</u>, 544 U.S. 1035 (2005).  Here, the law judge's finding of the plaintiff's residual functional capacity is clearly supported by the functional evaluation by Dr. Warach, a treating neurologist, who opined that the plaintiff could perform light work (Tr. 172-73; <u>see also</u> Tr. 183 (plaintiff encouraged to find a new light duty job)).  This assessment, moreover, is corroborated by the opinions of two non-examining reviewing physicians, who concluded that the plaintiff can perform light work (Tr. 137, 191).  Thus, there plainly is substantial evidence supporting the law judge's determination of the plaintiff's residual functional capacity.

The plaintiff, as indicated, argues third that the law judge's credibility determination is not based on substantial evidence (Doc. 16, pp. 8-9).

The Eleventh Circuit has established a standard for evaluating complaints of pain.  As the court of appeals explained in <u>Landry</u> v. <u>Heckler</u>, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the complaints of pain are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of the complaints of pain.  He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).  In other words, this credibility finding must be adequately explained.  Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

In this case, the law judge expressed his primary reason for questioning the plaintiff's credibility on the record at the hearing.  Thus, the law judge noted that the plaintiff's acknowledgment (Tr. 304) that he had filed

for workers' compensation was contrary to the statement that he had made on his Social Security application, which warned of criminal penalties for false statements, that he had not filed, and did not intend to file, for workers' compensation (Tr. 61, 62). After the plaintiff provided a lame excuse for this false statement (Tr. 305), the law judge said that "[t]hat does affect his credibility" (Tr. 306). The law judge repeated this comment later in the hearing, indicating further that the plaintiff in such circumstances needed to support his testimony by references to the medical record (Tr. 337, 340-41).

Moreover, in his decision, the law judge referred to the applicable regulation and Social Security rulings (Tr. 23). He also stated, consistent with the Eleventh Circuit's pain standard, that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible" (Tr. 26). The law judge then proceeded to give specific explanations for discounting the plaintiff's allegations regarding back pain (Tr. 26-27), irritable bowel syndrome (Tr. 27), headaches (id.), and gastroesophageal reflux disease (id.). Overall, the law judge's credibility determination is certainly adequate and reasonable.

On this issue, the plaintiff also complains that the law judge incorrectly considered his daily activities as evidence that he is not disabled (Doc. 16, p. 9). However, as the Commissioner points out (Doc. 17, p. 9), the regulations expressly provide that a plaintiff's activities should be considered in evaluating the credibility of alleged disabling limitations. See 20 C.F.R. 404.1529( c)(3)(i). Moreover, the factor of the plaintiff's daily activities was only one of several reasonable and specific reasons for rejecting the subjective complaints identified in the decision (see Tr. 26-27).

The plaintiff's fourth contention is that the law judge failed to consider the side effects of the plaintiff's medications. The plaintiff asserts that "[t]he evidence is replete with documentation of the side effects from the Claimant's many medications" (Doc. 16, p. 10). The Commissioner points out, however, that this argument is devoid of specific reference to the facts of this case (Doc. 17, p. 10).

Not only did the plaintiff fail to support this contention by citations to the record, but he incorrectly asserted that the record was "replete" with documentation of side effects. The Commissioner indicated that, as far as he could determine, the medical record does not reflect complaints by the plaintiff to his medical sources of side effects from his medications (id. at p.

10).  Moreover, I have read the entire transcript with a particular focus on side effects and I could not find any such complaints either.  Thus, the plaintiff has combined his violation of the scheduling order by failing to refer to the record with a misrepresentation of what the record contains.   Under these circumstances, this contention should be disregarded.

Moreover, if, contrary to the court's proper role, I were to construct an argument about side effects based on the evidence in the record, I would reject that argument.  Although there are no apparent complaints to doctors about side effects, there is some evidence in the record concerning them.  Thus, the plaintiff testified (Tr. 312):

> Q: Well, you're going to doctors and they're prescribing medications for your pains, aren't they?
>
> A: Yes.
>
> Q: What medications are you taking?
>
> A: I'm taking Topamax, Pepcid, Arthrotec, Ultram, [M]eclizine....And now they gave me some Lortab...too.
>
> Q: Now, do any of these medications have any side effects that actually bother you?
>
> A: Yeah.  They make you nauseated....
>
> Q: Any other side effects of these medications other than nausea?

A: Yeah, sleepiness, drowsiness....

There is similar evidence of side effects on two SSA forms that the plaintiff

filled out (Tr. 77, 84).

The law judge did not expressly evaluate this evidence in his

decision.  That failure does not constitute reversible error.

There is no requirement that the law judge specifically refer to

every piece of evidence in his decision.  Dyer v. Barnhart, 395 F.3d 1206,

1211 (11th Cir. 2005).  That principle has been applied to the issue of side

effects of medications.  Lipscomb v. Commissioner of Social Security, 2006

WL 2952736 at *2 (11th Cir. 2006) (unpub. dec.).

Under the circumstances of this case, the law judge's general

determination that the plaintiff was not entirely credible is sufficient to cover

the limited evidence of side effects.  As indicated, there is no apparent

evidence in the medical records of side effects.   Moreover, the plaintiff's

statements about side effects were general and vague.  In particular, the

plaintiff's statements fail to explain how the side effects impair his ability to

work.

Further, to the extent that the plaintiff claims that the medications

made him drowsy, the law judge noted the plaintiff's testimony regarding

naps during the day (Tr. 23) and discounted that testimony as part of his general credibility determination.  Similarly, the law judge recounted the plaintiff's testimony about numerous bowel movements and vomiting (id.) and discounted that, as well.  In light of the law judge's express acknowledgment of these problems, there is no reason to think that he had any different view of the plaintiff's general allegations of nausea and drowsiness from medications.

Most significantly, the law judge's statements at the hearing indicate that the law judge discounted the plaintiff's allegations about side effects because they were not supported by medical records.  As indicated, the law judge was clearly distressed by the plaintiff's false statement on his Social Security application that he had not applied for workers' compensation benefits.  The law judge said that the false statement affected the plaintiff's credibility (Tr. 306).  He explained that the plaintiff needed to support his testimony with statements in the record that he made to treating sources (Tr. 340-41).  However, there are no statements to doctors concerning side effects of medications.  The law judge indicated in that instance that he would not find the plaintiff credible as to related testimony (id.).

Under these circumstances, the law judge did not commit reversible error by not expressly evaluating the plaintiff's allegations of nausea and drowsiness from medications.  Thus, to summarize, the law judge is not required to discuss each piece of evidence; the plaintiff's allegations of nausea and drowsiness were general, and not particularized in terms of functional limitations; the law judge expressly noted the plaintiff's allegations of bowel problems, vomiting and daily naps; the law judge made a reasonable and adequate determination that the plaintiff's testimony was not entirely credible; the record contains no complaints by the plaintiff to doctors about side effects from medication; and the law judge indicated that, in light of the plaintiff's false statement on his Social Security application about workers' compensation, he would not find credible statements from the plaintiff that were not supported by evidence in the medical record.  However, as indicated at the outset of the discussion of this contention, it is unnecessary to make the determination that the law judge did not commit reversible error by not discussing the plaintiff's allegations regarding side effects of medications since the contention should be disregarded as a result of the plaintiff's failure to develop a factual basis for the argument and his misrepresentation of the evidence in the record on this point.

Finally, the plaintiff argues that the law judge "simply discounted the Claimant's obesity and its potential for causing or contributing to other impairments, such as musculoskeletal, respiratory or cardiovascular impairments" (Doc. 16, p. 11). The plaintiff is 5'10" and weighs about 240 pounds (Tr. 222). Thus, while the plaintiff is appropriately classified as obese, he is not excessively so.

The law judge specifically found that the plaintiff is obese and that this impairment is severe in combination with several other impairments (Tr. 22). He considered Social Security Ruling 02-1p, which explains that obesity has a potential for causing or contributing to other impairments (Tr. 23). Moreover, the law judge incorporated obesity in his hypothetical question to the vocational expert (Tr. 326), who, of course, (like the law judge) had an opportunity to observe the plaintiff.

The law judge noted that, though obese, the plaintiff's cardiovascular, musculoskeletal and neurological systems have been found to be within normal limits (Tr. 23). Furthermore, while the plaintiff asserts that the law judge failed to recognize that obesity can cause certain postural and environmental limitations (Doc. 16, p. 11), the law judge in his determination of the plaintiff's residual functional capacity restricted the plaintiff to only

occasional climbing, balancing, stooping, kneeling, crouching and crawling, and to the avoidance of concentrated exposure to extreme cold, extreme heat and hazards, such as machinery and heights (Tr. 23).  The plaintiff has not referred to any medical evidence indicating that, as a result of obesity, the plaintiff has greater restrictions than these, and, indeed, the plaintiff did not even testify to any functional limitations due to obesity.

For these reasons, the plaintiff's argument regarding obesity should be rejected.

IV.

In sum, the plaintiff has failed to show that the decision of the Commissioner contains reversible error.  I therefore recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: NOVEMBER 29, 2007
NOTICE TO PARTIES

-17-

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).